```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TONYA ANDERSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action |
| | No. 16-cv-06204 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES:

Tonya Anderson, Plaintiff Pro Se
30 Haddon Ave Apt. 16C
Collingswood, NJ 08108

**SIMANDLE, Chief District Judge:**

    1.    Before the Court is an amended civil rights complaint submitted by Plaintiff Tonya Anderson against the Camden County Jail ("CCJ"). Amended Complaint, Docket Entry 5.

    2.    The Court dismissed Plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) as the sole named defendant, CCJ, was not a "state actor" within the meaning of 42 U.S.C. § 1983. *See* Opinion, Docket Entry 3 ¶ 5. The Court granted leave to amend in order to allow Plaintiff to name specific state actors who were personally involved in the alleged unconstitutional conditions of confinement. *Id.* ¶ 6.

    3.    The Court further advised Plaintiff that an amended complaint would have to allege "sufficient factual matter" to

show that her claim was facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Specifically, the complaint would have to plead sufficient facts supporting a reasonable inference that the conditions of Plaintiff's confinement either violated the cruel and unusual provision of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. Opinion ¶¶ 7-9.

4. The amended complaint does not address the deficiencies noted by the Court. It does not name responsible persons, nor does it provide sufficient facts for the Court to reasonably infer that either amendment has been violated as it merely repeats the original allegation that Plaintiff slept in an overcrowded cell. Amended Complaint § III. As previously noted, the mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)); *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such

2

genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). The amended complaint must therefore be dismissed for failure to state a claim.

5.  Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies further leave to amend as the amended complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

6.  The amended complaint indicates Plaintiff was confined in the CCJ in 1986, 1991, 1992, 1993, 1999-2000, 2001, and 2003. The allegedly unconstitutional conditions of confinement at CCCF

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

3

would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for Plaintiff's claims expired in 2005, at the latest. The complaint will be dismissed with prejudice, and the Court will deny leave to amend as there are no grounds for equitable tolling of the statute of limitations.[2] *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations); *Grayson*, 293 F.3d 103, 114 (3d Cir. 2002) (holding leave to amend should generally be granted unless "leave to amend unless amendment would be inequitable or futile").

    7.   For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim.

    8.   An appropriate order follows.

**November 16, 2016**            s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                      Chief U.S. District Judge

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).